ALICE BACON *vs.* IRVING BULLARD.

PROVIDENCE—FEBRUARY 28, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Case, and not trespass, is the proper remedy for injuries to the reversion.

At the hearing of a petition for a new trial an affidavit was submitted to the effect that affiant had testified in the court below to a matter essential to the case, but which did not appear as a part of the testimony allowed by said court:—

*Held,* that the affidavit was inconclusive in view of the fact that so important a statement, if made, could scarcely have failed to impress itself on the mind of the justice who tried the case.

TRESPASS for breaking a plate-glass window in the store of the plaintiff occupied by her tenant. Heard on her exceptions to the ruling of a District Court.

PER CURIAM. The plaintiff sues in trespass for damages for the breaking of a plate-glass window in a store owned by her but in the occupation of a tenant from year to year. The District Court of the Sixth Judicial District, in which the suit was brought, nonsuited the plaintiff, holding that, as the suit was for an injury to the reversion, the plaintiff's action was case and not trespass. Assuming the testimony to have been as allowed by the court below, its ruling was correct. That case, and not trespass, is the proper remedy for injuries to a reversion, is elementary. The plaintiff, however, contends and has submitted the affidavit of her agent to the effect that he testified at the trial that the plaintiff had control of the outside of the building. We are not convinced by the affidavit that the statement was made by the witness. The window which was broken being a part of the store in the occupation of the tenant, the assertion of a control over it as a part of the outside of the building by the plaintiff would have been inconsistent with the right of the tenant, since such control would have implied the right of the plaintiff to remove the window, contrary even to the wish of the tenant. So important a statement, if made, could scarcely have failed

to impress itself on the mind of the justice who tried the case.

Exception overruled, and case remitted to the District Court of the Sixth Judicial District with direction to enter judgment for the defendant for costs.

*Thomas F. Farrell*, for plaintiff. .

*Arthur Cushing*, for defendant.